UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| MAURICE BROWN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:15-CV-179-JD |
|  | ) |  |
| BP AMOCO CORPORATION, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**OPINION AND ORDER**

Plaintiff Maurice Brown filed a *pro se* complaint on May 5, 2015 as well as a petition for leave to proceed *in forma pauperis*. [DE 1]. While the Court found that the Plaintiff met the financial requirements to proceed without prepaying a filing fee, it nevertheless struck his complaint under 28 U.S.C. § 1915(e)(2) because it failed to state a claim upon which relief could be granted. [DE 4]. The Plaintiff then filed an amended complaint on July 6, 2015. [DE 5]. For the reasons that follow, the Court finds that the Plaintiff's amended complaint also fails to state a claim upon which relief may be granted.

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011). Further, it is appropriate to

dismiss with prejudice where "the plaintiff has demonstrated her inability to file a lucid complaint." *Crenshaw v. Antokol*, 206 F. App'x 560, 564 (7th Cir. 2006).

In his amended complaint, the Plaintiff advances a series of factual allegations that appear to boil down to a complaint that the Defendant did not properly serve him in a state court proceeding on account of his race. But he does not slot this grievance into a viable legal theory. As best as the Court can tell, the Plaintiff is complaining that the Defendant's conduct deprived him of his First Amendment right to petition. But to prevail on such a theory, the Plaintiff would have to implicate a state actor, which the Defendant does not appear to be. *See Jackson v. Vill. of W. Springs*, No. 14-3641, 2015 WL 2262703, at *4 (7th Cir. May 15, 2015).

And if the Plaintiff is seeking to proceed on grounds other than a First Amendment claim, it is not clear what those are. While the Plaintiff clearly believes he has been the victim of discrimination, he does not provide any basis which might demonstrate that the Defendant's conduct was motivated by discrimination. Moreover, many of the Plaintiff's factual allegations are incoherent and do not seem to fit within the contours of any other workable legal theory. *See, e.g.*, [DE 5 at 3] ("In his beliefs, Brown maintains, defendants designed its staging from discriminatory thoughts about black-people being a prolific writer, with disabilities.").

In short, the Plaintiff's amended complaint is fatally incomprehensible. While the Court acknowledges the Supreme Court's dictate that *pro se* complaints be liberally construed, *Erickson*, 551 U.S. at 94, that does not obviate a *pro se* Plaintiff's obligation to provide basic notice of the nature of his claims to the opposing party under Rule 8(a)(2). Here, the Plaintiff has failed to do so. Allowing this action to proceed under these circumstances would be patently unfair to the Defendant, as it would be nearly impossible to responsively plead to, much less defend against, the Plaintiff's amended complaint. *See Stanard*, 658 F.3d at 799. Further, since

the Plaintiff has fallen far short of rectifying the deficiencies in his original complaint, the Court does not see a justification for providing him another opportunity to amend it. Accordingly, the Plaintiff's claims are **DISMISSED with prejudice**.

SO ORDERED.

ENTERED: September 22, 2015

                                              /s/ JON E. DEGUILIO  
                                              Judge  
                                              United States District Court